# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD MATHIS, *et al.*,

    Plaintiffs,

v.

COUNTY OF LYON, *et al.*,

    Defendants.

Case No. 2:07-CV-00628-KJD-GWF

**ORDER**

    Presently before the Court is Defendant Richard Glover's Motion for Change of Venue (#8). Plaintiffs filed a response in opposition (#9) to which Defendant replied (#10). Also before the Court is Plaintiffs' Motion for Leave to File Surreply (#15). Having read and considered the motion for leave, and good cause being found, the Court grants the motion in accordance with Local Rule 7-2(d).

I. Analysis

    Defendant seeks to have venue transferred from the unofficial Southern District of Nevada to the unofficial Northern District. Defendant Glover argues first, that the action should have been filed in the Northern District originally, and second that the Court should transfer venue for the convenience of the parties and witnesses.

1  First, venue is proper in a judicial district if "a substantial part of the events or omissions giving rise to the claim occurred" in that district. 28 U.S.C. § 1391(b)(2). The locus of the injury has been deemed to be a substantial part of the events giving rise to the claim in a tort action. See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001). Plaintiff has properly contended that his injuries occurred in Clark County, Nevada. While the complaint could have been filed in the unofficial Northern District, no rule requires that it be filed in the "best" venue. See Comm'l Lighting Prods., Inc. v. United States. Dist. Ct., 537 F.2d 1078, 1080 (9th Cir. 1976). Therefore, the Court disagrees with Defendant's assertion that filing in the Southern District was improper.

Second, under § 1404 (a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000)(citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When a court evaluates a § 1404(a) motion, the plaintiff's choice of forum is "entitled to 'paramount consideration' and the moving party must show that a balancing of interests weighs heavily in favor of transfer." Galli v. Travelhost, Inc., 603 F. Supp. 1260, 1262 (D. Nev. 1985). Accordingly, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964). The burden is therefore on the defendant to make the strong showing that a change of venue is warranted. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Galli, 603 F. Supp. at 1262. Finally, a decision to transfer is committed to the sound discretion of the trial court. See Jones, 211 F.3d at 498.

Defendant argues that a majority of the witnesses reside in Lyon County, and therefore, the Northern District is the more convenient forum. However, Defendant has not made the strong showing required to demonstrate the balance of interests weigh heavily in his favor. For example,

the out-of-state Plaintiffs aver that they will find travel to Las Vegas more convenient than travel to Reno, Nevada.  Therefore, considering Plaintiffs' choice of forum and the convenience of witnesses and parties, the Court cannot conclude that a change of venue is warranted at this stage of the proceedings.  See Jones, 211 F.3d at 498.  Therefore, the Court denies Defendant's motion to transfer.

II. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Surreply (#15) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Richard Glover's Motion for Change of Venue (#8) is **DENIED**.

DATED this 24th day of October 2007.

_____
Kent J. Dawson
United States District Judge