UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICHARD MATHIS, et al., )
        Plaintiffs, )   Case No. 2:07-cv-00628-KJD-GWF
vs. )   **ORDER**
COUNTY OF LYON, et al., )   **Motion to Compel Discovery - #107**
        Defendants. )

This matter is before the Court on Plaintiff James Mathis's Motion to Compel Discovery (#107), filed on January 26, 2012; the Errata to Motion to Compel (#108), filed on January 30, 2012; Defendant Lyon County's Opposition to Plaintiff's Motion to Compel (#112), filed on February 13, 2012; and Plaintiff's Reply to Defendant's Opposition to the Motion to Compel (#115), filed on February 24, 2012. The Court conducted a hearing in this matter on March 30, 2012. At the conclusion of that hearing, the Court ordered the parties to further meet and confer in an attempt to resolve the discovery dispute. The Court also directed Defendant Lyon County to file its supplemental discovery responses that were served on February 21 and March 13, 2012 and to submit certain coroner's reports requested by Plaintiff for *in camera* review by the Court. *Minutes of Proceedings (#118).* The parties thereafter filed status reports, (#120, #121 and #122) which stated that the parties were unable to fully resolve the dispute regarding Defendant's discovery responses.

## **BACKGROUND**

Plaintiffs Richard Mathis, James Mathis and Anthony Mathis are the sons of Joe Robinson Mathis (hereinafter "Joe Mathis"), deceased. Plaintiff Richard Mathis also sues in his capacity as

Special Administrator of the Estate of Joe Robinson Mathis and as Trustee of the Joe Robinson Mathis and Eleanor Margherite Mathis Trust.

Plaintiffs' Complaint (#1), filed on May 14, 2007, alleges that Joe Mathis, age 85, was found dead of natural causes in his residence on May 29, 2006 by a Lyon County deputy sheriff. After the deputy sheriff had Mr. Mathis' remains removed to a funeral home, he locked and sealed the Mathis residence. Later that evening, Anthony Mathis spoke by telephone with the deputy sheriff and informed him that he would come to Nevada to take care of his father's property and funeral and would arrive at the residence on June 1, 2006. The deputy sheriff allegedly spoke with Defendant Richard Glover, the Public Administrator of Lyon County, on May 30, 2006, informed him of Joe Mathis death and that Anthony Mathis would be arriving on June 1. Plaintiffs allege that Defendant Glover went to the Mathis residence prior to Anthony Mathis' arrival and removed personal property belonging to Joe Mathis and his sons. Plaintiffs allege that Defendant Glover subsequently sold or otherwise disposed of the Mathis' personal property for his own benefit.

Plaintiffs' Complaint alleged several causes of action against Mr. Glover and Lyon County under federal and state law. On September 30, 2008, the court granted in part and denied in part the Defendants' motions for partial summary judgement on the pleadings. *Order (#61)*. The order left standing Plaintiff's Second Cause of Action against Mr. Glover and Lyon County, pursuant to 42 U.S.C. §1983, for violation of Plaintiffs' Fourteenth Amendment right to procedural due process in regard to Mr. Glover's alleged unlawful removal and disposition of the Plaintiffs' personal property.

Lyon County can only be held liable for damages under 42 U.S.C. §1983 if Defendant Glover's alleged unlawful acts were committed or allowed pursuant to county policies or customs, including a policy of being deliberately indifferent to the rights of county inhabitants. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978) and *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989). There is no suggestion that Lyon County expressly authorized Mr. Glover to steal the property of deceased individuals. Plaintiffs seek to prove, however, that Lyon County was deliberately indifferent to Mr. Glover's unlawful conduct. In this regard, Plaintiffs allege that the Lyon County Sheriff, District Attorney and County

Commission failed or refused to timely investigate or prosecute complaints that Mr. Glover and other public administrators had misappropriated the property of decedents, including Joe Mathis.[1]

Plaintiffs' former counsel served requests for production of documents on Lyon County on September 2, 2011 to which Lyon County responded on October 25, 2011. *Motion to Compel (#107), Exhibits 1 and 2*. Request Nos. 1-4 requested documents relating to the criminal prosecutions of Defendant Glover and Jason McLean who succeeded Mr. Glover as Lyon County Public Administrator. Request No. 1 requested any and all documents regarding the criminal prosecution of Defendant Richard Glover in the Estate of Carl E. Liberty. *Motion to Compel (#107), Exhibit 2*. Request No. 2 requested a copy of the front and back of the cashiers check Defendant Glover was convicted of cashing or attempting to cash in the Liberty matter. Request No. 3 requested a copy of the complaint that was filed against Defendant Glover in the Liberty matter. Request No. 4 requested any and all documents regarding the criminal prosecution of Jason McLean. Lyon County objected to Request Nos. 1 and 4 on the grounds that they are irrelevant, vague, ambiguous, overly broad, and unduly burdensome. Defendant also objected to the requests to the extent that they seek information protected from disclosure by the attorney-client privilege or work product doctrine. Lyon County also stated that it did not possess the check requested in Request No. 2. Defendant also notes that Plaintiffs already have a copy of the check which they obtained from some other source.

In its Supplemental Responses served on February 20, 2012, Lyon County produced copies of the criminal complaint and the amended criminal complaint against Defendant Glover that were filed in the Lyon County Justice Court in November 2009 and April 2011. *Supplement to Lyon*

---

[1] Plaintiffs attached to their Reply (#115) an October 13, 2009 letter from the Lyon County District Attorney, *Exhibit 8*, which stated that Mr. Glover's alleged misappropriation of Plaintiffs' personal property was fully investigated by the Nevada Department of Public Safety ("NDPS") upon referral from the Lyon County Sheriff. The District Attorney stated that the NDPS investigative report was subsequently received by his office. By that time, however, the Plaintiffs had filed suit against Mr. Glover and Lyon County. The District Attorney therefore recused himself from handling the case due to the potential conflict of interest. The District Attorney stated that he referred the case to the Nevada Attorney General's Office and later to the Douglas County District Attorney for prosecutorial assistance. The Attorney General and the Douglas County District Attorney declined to prosecute. The Lyon County District Attorney stated in his letter that he anticipated receiving reports from the NDPS regarding Mr. Glover's conduct in regard to other estates, which might result in prosecution by his office. This apparently occurred in regard to Mr. Glover's alleged misappropriation of property belonging to the estate of Carl E. Liberty.

*County's Opposition (#119).* The criminal complaints allege that on and between January 4, 2006 and June 18, 2007, Defendant Glover misappropriated property owned by the estate of Carl E. Liberty. Lyon County also produced a copy of the criminal information that was filed against Jason McLean in the District Court, Lyon County, Nevada on April 14, 2010. The criminal information alleged that Jason McLean embezzled property belonging to the estate of Diane Ashe during the month of February 2007. Lyon County also produced a copy of Mr. McLean's May 13, 2008 guilty plea agreement to the charge in the information, and a copy of the prior criminal complaint that was filed against him in the Lyon County Justice Court on January 8, 2008. The criminal complaint charged Mr. McLean with embezzling property from four estates, including the estate of Diane Ashe, that allegedly occurred in February and March 2007 (Count I), January 2007 (Count II), February 2007 (Count III) and March 2007 (Count IV).

Request Nos. 5 and 8 requested the coroner's reports relating to the deaths of Chester J. Kafchinski and Rick Latterell. Request Nos. 6 and 9 requested the police reports regarding the deaths of Chester J. Kafchinski and Rick Latterell. Request No. 7 requested any and all complaints filed with Lyon County against Dr. (Franklin) Roller, who was the public administrator at the time of Mr. Kafchinski's death. Request No. 10 requested any and all complaints filed with Lyon County against public administrator, Delores Munroe, regarding the Latterell matter. Request No. 11 requested any and all complaints against any and all Lyon County Public Administrators from 2002 to the present.

Lyon County objected to production of the coroner's reports and police reports regarding the deaths of Mr. Kafchinski and Mr. Latterell as irrelevant because they do not pertain to any of the parties or conduct at issue in this case. Lyon County states in its Opposition (#112), pg. 9, that pursuant to Lyon County Code §1.08.11(B), coroner's reports are made available to the public for a nominal fee. Because these coroner's reports are public records, Plaintiffs can obtain them without any requirement to show relevancy or other good cause for production.[2]

---

[2] The Court directed Defendant to submit the reports for *in camera* review. Because the reports are public records, however, *in camera* review was not necessary. Social Security Numbers of the decedents or other persons appearing in the records should be redacted. Additionally, copies of driver's licenses or other identification documents

Although Lyon County initially objected to producing complaints filed with the County against Delores Munroe regarding the Latterell matter, it produced a copy of the written complaint against Delores Munroe in its Second Supplemental Responses to Requests for Production. *See Supplement to Lyon County's Opposition (#119), Exhibit 2.* This appears to resolve the dispute as to Request No. 10. Defendant also stated in its Second Supplemental Responses that it does not possess any documents relevant to Request No. 7 regarding complaints filed with Lyon County against Dr. (Franklin) Roller.

Finally, Lyon County objected to production of any and all complaints against any and all Lyon County Public Administrators from 2002 to the present as irrelevant, vague, ambiguous, overly broad, and unduly burdensome. The parties have not been able to resolve the dispute regarding this request.

## DISCUSSION

Rule 26( b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevancy under Rule 26( b)(1) is liberally construed. *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431-32 (D.Nev. 2006). The party opposing discovery has the burden of showing that the discovery is overly broad, unduly burdensome or not relevant. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 253-4 (S.D.Ind. 2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *Id.,* citing *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill.1990) and *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D.Cal.1999). "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Marook v. State Farm Mutual Auto. Ins. Co.*, 259 F.R.D. 388, 394-95 (N.D.Iowa 2009), quoting *Cunningham v. Standard Fire Ins. Co.,* 2008 WL 2902621 at *1 (D.Colo.).

. . .

---

of the decedents or others should be redacted. Plaintiffs do not appear to have any need for such information.

Defendant also has the burden of demonstrating that Plaintiffs' requests for production are unduly burdensome. *Pham v. Wal-Mart Stores,* Inc., 2011 WL 550882, *3, (D.Nev. 2011); Residential *Constructors, LLC v. Ace Prop. and Cas. Ins. Co.*, 2006 WL 3149362, *9 (D.Nev. 2006); *Cory v. Aztec Steel Bldg., Inc.,* 225 F.R.D. 667, 672 (D.Kans. 2005) and *Carlton v. Union Pacific. R. Co.,* 2006 WL 2220977 (D.Neb. 2006). In order to satisfy this burden, Defendant must provide sufficient detail regarding the time, money and procedures required to produce the requested documents. *Cory v. Aztec Steel Bldg., Inc.*, at 672. The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to deny a motion to compel or grant a protective order if the requested material is relevant and necessary to the discovery of admissible evidence. *In re Toys "R" Us-Delaware, Inc. Litigation*, 2010 WL 4942645, *6 (C.D.Cal. 2010).

As set forth above, in order to prevail on their claim against Lyon County, Plaintiffs must prove that the County engaged in a policy or custom of deliberate indifference to the unlawful conduct of Defendant Glover. As Plaintiff argues in his motion to compel, evidence regarding similar unlawful acts allegedly committed by municipal employees before or after the acts allegedly committed against the plaintiff, may be admissible to prove deliberate indifference on the part of the municipality.

In *Henry v. County of Shasta*, 1312 F.3d 512 (9th Cir. 1997), for example, the plaintiff alleged that he was subjected to unlawful arrest, confinement and physical and psychological mistreatment by law enforcement officers and county jail personnel when he refused to sign a written promise to appear on a traffic citation and, instead, demanded to be immediately taken before a magistrate. In reversing an order granting summary judgment on the plaintiff's *Monell* claim against the county, the Ninth Circuit held that plaintiff had submitted sufficient evidence of a county policy of deliberate indifference, which included the declarations of two individuals who claimed that they were subjected to substantially identical mistreatment after the county was already on notice of plaintiff's lawsuit. In commenting on the relevance of this evidence, the court stated:

. . .

> If a municipal defendant's failure to fire or reprimand officers evidences a policy of deliberate indifference to their misconduct, surely its failure even after being sued to correct a blatantly unconstitutional course of treatment ... is even more persuasive evidence of deliberate indifference or of a policy encouraging such official misconduct.

*Henry*, 132 F.3d at 520.

Pursuant to Chapter 253 of the Nevada Revised Statutes, public administrators are elected county officials. The public administrator is authorized to administer the estates of deceased individuals in the county when no application or petition for appointment of a personal representative is pending or has been granted in Nevada and more than 40 days have elapsed since the person's death. NRS 253.0403. Even prior to being appointed to administer an estate, the public administrator may secure the property of a deceased person if he finds that there are no relatives of the deceased person who are able to protect the property and failure to do so could endanger the property. NRS 253.0405. The public administrator is compensated for his services from the assets of the estate in the same manner as a personal representative. NRS 253.050. Given the authority of public administrators over the estates and property of deceased individuals, and the method by which public administrators are compensated, there is an obvious potential for financial loss to estates and their beneficiaries if the public administrator is dishonest or otherwise unfit. NRS 253.091.1(c) requires the board of county commissioners to investigate any complaint received by the board against the public administrator.

The fact that the District Attorney subsequently prosecuted Defendant Glover and his successor, Mr. McLean, for embezzling the property of deceased residents of Lyon County undercuts the allegation that Defendant Lyon County was deliberately indifferent to their unlawful conduct. Plaintiffs may still be able to prevail on their *Monell* claim, however, if they can prove that these criminal investigations and prosecutions were only commenced after a prolonged period of indifference by County officials to complaints or other information received by them that the public administrator(s) had unlawfully removed or misappropriated the property of deceased individuals. The Court is not called upon at this stage of the case to determine whether Plaintiffs' allegations of a policy of deliberate indifference are valid. The issue before the Court concerns

only the relevance of Plaintiffs' discovery requests and whether they are over broad or unduly burdensome.

Request Nos. 1 and 4 request all documents relating to the prosecutions of Defendant Richard Glover in the Estate of Carl E. Liberty and Jason McLean.  Information, such as citizen complaints, witness statements, investigator reports, etc. may contain relevant information as to whether the criminal investigations or prosecutions were or were not diligently pursued.  There is no indication that the criminal prosecutions of Mr. Glover or Mr. McLean are still ongoing, such that disclosure of investigative or prosecutorial information would prejudice the criminal case.  To the extent that Defendant claims that any of the requested documents contain information protected from disclosure by the attorney-client privilege or attorney work-product doctrine, it shall provide a privilege log of such documents with its responses to these requests.  Defendant has not made any showing that it would be unduly burdensome to produce the subject documents.  Plaintiff's motion to compel is therefore granted as to Request Nos. 1 and 4, subject to Defendant's right to submit a privilege log with its supplemental responses.

Request Nos. 5, 6, 8 and 9 request the coroner's reports and police reports regarding the investigation of the deaths of Chester J. Kafchinski and Rick Latterell.  Complaints were made that the public administrators engaged in unlawful conduct regarding the property of these decedents.  In the case of Mr. Latterell, the complaint was made by a neighbor and not by Mr. Latterell's heirs or beneficiaries.  *See Supplement to Lyon County's Opposition (#119), Exhibit 2.*  Plaintiff argues that these reports may contain information, descriptions or depictions of the decedents' property prior to the public administrator asserting control over or taking possession of the property and, which together with other evidence, may establish that the public administrators removed or misappropriated the decedents' property.  The coroner's reports and police reports are sufficiently relevant to warrant their production in response to Plaintiffs' requests for production.  The Court, therefore orders Defendant to produce the requested coroner's reports and police reports to Plaintiffs.

Request No. 11 requests all complaints against any and all Lyon County Public Administrators from 2002 to the present.  The Court limits this request to complaints received by

Defendant Lyon County from any individuals relating allegedly improper or unlawful conduct by the public administrator in taking or possessing property of a decedent, disposing of such property, or failing to properly account for such property. Defendant shall also produce any complaint alleging that the public administrator engaged in criminal conduct. As so limited, any such complaints are relevant to Plaintiffs' allegation that Defendant had a policy of deliberate indifference to the public administrators' unlawful conduct. Defendant has not shown that production of such complaints would be unduly burdensome. Accordingly, Plaintiff's motion to compel as to Request No. 11 is granted subject to the limitations placed on that request in this order.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff James Mathis' Motion to Compel Discovery (#107) is granted as to Request for Production Nos. 1, 4, 5, 6, 8, 9 and 11. Defendant is ordered to produce documents in compliance with this order on or before **May 18, 2012**, together with its privilege log regarding any documents that it claims are protected from disclosure by the attorney-client privilege or attorney work product doctrine.

**IT IS FURTHER ORDERED** that Defendant shall redact any social security numbers, driver's license numbers or other personal identification documents of individuals contained in the produced documents.

DATED this 3rd day of May, 2012.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge