# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MATHIS, et al., | |
|     Plaintiffs, | Case No.  2:07-cv-00628-KJD-GWF |
| vs. | **ORDER** |
| COUNTY OF LYON, et al., | Motion to Compel and for Sanctions (#130) |
|     Defendants. | |

This matter comes before the Court on Plaintiff's Emergency Motion Regarding Defendant Lyon County's Violation of Discovery Order, Plaintiff's 9th Set of Discovery (#130), filed on May 29, 2012; Defendant's Opposition to Plaintiff's Motion (#136), filed on June 15, 2012; and Plaintiff's Reply (#137), filed on June 25, 2012.  The Court conducted a hearing on this matter on July 3, 2012. *See* Minutes of Proceedings (#141).

On May 3, 2012, the Court granted Plaintiff's Motion to Compel (#107) and ordered Defendant to  produce the responsive documents on or before May 18, 2012.  On May 18, 2012, Defendant produced for copying approximately 2,000 pages of documents.  After review of the documents, Plaintiffs filed this motion to compel production and for sanctions.  Plaintiff argues that the production of documents was deficient and in violation of the Court's Order (#125).  Plaintiff claims that even a cursory review of the produced documents indicate that there are additional responsive documents that Defendant has not produced or that Defendant has lost or destroyed in contravention to Nevada law. Plaintiff therefore requests the Court compel Defendant to produce the additional documents and/or sanction Defendant in the form of a negative inference for withholding or destroying evidence.

. . .

In response, Defendant argues that it has fully complied with the Court's Order (#125). Defendant states that it, along with the Lyon County District Attorney's Office, the Lyon County Manager's Office and the Lyon County Sheriff's Department, conducted an extensive search and disclosed all responsive and relevant documents as ordered by the Court. Defendant states that the Nevada Department of Public Safety took over the investigation of all alleged crimes of Richard Glover and assumed responsibility for all evidence, reports and witnesses in connection with those crimes. Defendant therefore argues that is logical that Lyon County would not possess certain documents that Plaintiff believes exist. Defendant further requests the Court deny Plaintiff's requested sanctions.

Defendant timely produced approximately 2,000 documents after an exhaustive search in connection with the Lyon County District Attorney's Office, the Manager's Office and the Sheriff's Department. Defendant represents to the Court that it has produced all responsive documents and fully complied with the Court's Order (#125). The Court has no reason to doubt Defendant's representations. The Court cannot compel Defendant to produce documents it does not have in its possession, custody or control. The Court's order compelling production still stands and therefore an additional order compelling production of the same documents is unnecessary. To the extent that additional documents exist, but have not been located by Defendant, the Court will remind Defendant of its continuing duty to produce all documents that are relevant and material to the parties' claims and defenses. *See* Fed. R. Civ. Pro. 26.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp., 6 F.3d 1318, 1329* (9th Cir.1993). This power includes the power to sanction the responsible party, by excluding spoiled evidence, by admitting evidence of the circumstances of the destruction or spoliation, or by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party. *Id.* Entering a negative inference is appropriate where the Court finds destruction or spoliation of evidence by a party. *Id.* Plaintiff requests the Court issue a negative inference based on Plaintiff's belief that additional documents exist and are not being produced or were lost or destroyed by Defendant. There is however no evidence before the Court to support these assertions. Plaintiff is merely speculating as to the existence or destruction of evidence in Defendant's

possession. The Court will not award sanctions on mere speculation. The Court will therefore deny Plaintiff's requested sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion Regarding Defendant Lyon County's Violation of Discovery Order, Plaintiff's 9th Set of Discovery (#130) is **denied**.

DATED this 29th day of August, 2012.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge