# EXHIBIT 4

# EXHIBIT 4

### DECLARATION OF TRUST

JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS declare that JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS (also referred to in this instrument as the "Trustors") have transferred and delivered to the Trustee, hereinafter named, without consideration, the property described in "Schedule A" attached to this instrument.

All property subject to this trust at any time is referred to as the "trust estate," and shall be held, administered, and distributed as provided below.

All community property transferred to this trust and the proceeds thereof shall retain its character as community property during the joint lifetimes of the Trustors. Similarly, all separate property of either spouse, if any, and the proceeds thereof shall retain its character as separate property during the joint lifetimes of the Trustors. The trust created hereby shall be known as the JOE ROBINSON MATHIS AND ELEANOR MARGHERITE MATHIS TRUST and is hereinafter referred to as "the trust".

FIRST: During the Trustors' joint lifetimes:

1. The Trustee shall pay to JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS, as their community property, (a) the entire net income of the community property held in the trust, quarter-annually or in more frequent installments, and (b) as much of the principal of said community property as either of the Trustors shall request in writing. If neither of the Trustors is able or willing to request or receive the foregoing payments, the Trustee shall apply for the benefit of JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS as much of the income and principal of the community property held

MA 000038

in trust as is necessary for their comfortable support, medical care and general welfare.

    2. The Trustee shall pay to or apply for the benefit of JOE ROBINSON MATHIS or ELEANOR MARGHERITE MATHIS, as the case may be, (a) the entire net income of that Trustor's separate property, if any, held in the trust, quarter-annually or in more frequent installments, and (b) as much of the principal of that Trustor's separate property, if any, held in the trust as the Trustor shall request in writing.

    **SECOND:** Upon the death of either Trustor, any and all personal effects shall be distributed to the Survivor's Trust.

    1. Upon the death of either Trustor, the trust estate shall be divided into three (3) trusts, hereinafter called Survivor's Trust, Marital Trust and Family Trust, respectively. Survivor's Trust shall contain the surviving Trustor's share of the community property of the trust estate as well as the surviving Trustor's separate property, if any. Survivor's Trust may be revoked or amended by the surviving Trustor at any time. The Marital Trust shall consist of the smallest fractional share (including zero) of the decedent's property that qualifies for the marital deduction allowable to the decedent's estate for Federal estate tax purposes and which is necessary to eliminate entirely (or to reduce to the maximum extent possible) any Federal estate tax liability resulting from the death of the decedent, after taking into consideration all other deductions and credits allowable to the decedent's estate for Federal estate tax purposes, reduced by the final Federal estate tax values of all other property interest that pass or have passed to or for the benefit of the Surviving Trustor pursuant to

-2-

MA 000039

other provisions of this trust agreement or otherwise and that qualify for the marital deduction. In establishing this fraction, the values of the decedent's assets as finally determined for Federal estate tax purposes shall control. This fractional share shall vest immediately on the death of the decedent. The Trustee shall satisfy the assignment of the fractional share to the Marital Trust in either a prorata on non-prorata division, in cash or in kind, or in any combination of these methods, however, only assets eligible for the Federal estate tax marital deduction shall be used, with such assets valued on the date or dates of their allocation to the Martial Trust. No assets shall be allocated to the Marital Trust for which a foreign death tax credit is allowable, unless other property is insufficient to satisfy the fractional share to be allocated to the Marital Trust pursuant to the provisions of this paragraph. The balance of the deceased Trustor's estate shall pass into the Family Trust. Any expenses deducted on the federal income tax rather than the estate tax return, shall be charged against the Family Trust. The selection of assets in making distributions in satisfaction of the allocations shall not be subject to question by any beneficiary, and no adjustment shall be made to compensate for disproportionate allocation or unrealized gain for federal income tax purposes. Said trust shall be held, administered and distributed as hereinafter provided:

    A. I hereby direct my Trustee to elect that any property passing to the Marital trust be treated as qualified terminable interest property for purposes of qualifying for the unlimited federal estate tax marital deduction; provided that, if my Trustee determines, after exercising due diligence and acting in good faith, that either the timing in our two

-3-

estates, or other unforeseen or unusual circumstances, renders the election inappropriate, then such election as to all or any part of such property need not be made. My Trustee shall bear no liability or accountability for any election, or failure to elect, in whole or in part, made in accordance with this provision. In determining the pecuniary share, it shall be assumed that the election has been validly made to qualify the entire Marital Trust for the federal estate tax marital deduction. In determining the pecuniary share in a manner consistent with the above, my Executor and my Trustee shall utilize the following credits: (a) the maximum federal unified credit available to my estate, (b) any state death tax credit only to the extent that state death taxes are not thereby incurred or increased, (c) any credit available to my estate as a result of a prior transfer to me only if such credit is available with respect to transfers from decedents dying before me, and (d) the foreign death tax credit. I intend that my Trustee utilize federal estate tax credits available to my estate so that the value of property which such credits protect from federal estate tax will be disposed of as other than the Marital Trust. I intend that the Marital Trust shall qualify for the unlimited federal estate tax marital deduction and that all questions applicable to establishing and administering all trusts shall be resolved accordingly. I therefore direct that:

    (1) The Marital Trust be composed only of interests in property which qualify for the federal estate tax marital deduction (excluding, for example, disqualified terminable interests or property not includible in my gross estate);

    (2) All powers and discretions of my Executor

-4-

MA 000041

and my Trustee (including all investment decisions, administrative powers, tax elections, and allocation of assets) shall be exercisable only in a manner consistent with qualification for the federal estate tax marital deduction;

(3) If obtaining a federal estate tax marital deduction shall require my Executor or my Trustee to sign an agreement or undertaking, it shall enter into such agreement or undertaking without liability or accountability.

B. PROVISIONS OF THE SURVIVOR'S TRUST:

(1) The Trustee shall pay to the surviving Trustor the entire net income of the Survivor's Trust for and during his or her lifetime.

(2) Upon the death of the surviving Trustor, the balance of the Survivor's Trust not effectively appointed by the surviving Trustor by appointment shall be added to the Family Trust, to following the disposition of the Family Trust in all respects as hereinafter provided; but the Trustee in that event may, in the Trustee's discretion, first pay out of the principal of the Survivor's Trust not so appointed by the surviving Trustor, his or her last illness and funeral expenses and other obligations incurred for his or her support, and any estate or inheritance taxes attributable to the Survivor's Trust by reason of the surviving Trustor's death.

C. PROVISIONS OF THE FAMILY TRUST:

(1) During the lifetime of the surviving Trustor, the non-beneficiary Trustee, in his sole and absolute discretion, may pay to or apply the net income of

-5-

the Family Trust to or for the benefit of the Surviving Trustor, our children, RICHARD MORGAN MATHIS, NILIMBA VISIKAN, also known as JUDITH LEE MATHIS EGGENBERGER, JEAN HEIDKER, JOELLE ROBINSON MATHIS, JAMES INGERSOLL MATHIS, ANTHONY CLAIBOURNE MATHIS, and any issue they may have, giving primary concern to the Surviving Trustor. The Trustee, in his sole discretion, may withhold the distribution of any part of the net income, up to the whole thereof, and such portion up to the whole thereof which is not distributed shall be accumulated and added to the principal of the trust estate. The Trustee shall also pay or apply for the benefit of the said beneficiaries such portion of the corpus of the Family Trust as the Trustee in his sole discretion shall deem necessary or advisable for the reasonable support, care, and comfort of said beneficiaries taking into consideration all income and resources available to each person disclosed to the Trustee.

(2) Upon the death of the surviving Trustor, the Trustee shall distribute the Family Trust in accordance with the provisions of paragraph FOURTH below.

(3) Any accrued or unpaid income from the Family Trust established hereunder shall, at the death of the Surviving Trustor, be set over to such beneficiaries herein as is consistent with the terms hereinafter contained.

D. PROVISIONS OF MARITAL TRUST:

(1) The Trustee shall pay to the surviving Trustor the entire net income of the Marital Trust for and during his or her lifetime.

-6-

(2) Upon the death of the surviving Trustor, the Martial Trust shall augment the Family Trust.

(3) The Marital Trust is intended to qualify as a marital deduction trust under I.R.C. Section 2056(b)(7), and the provisions of the trust shall be interpreted so that it will qualify in accordance with said law and applicable regulations. If the election required to be made under this Paragraph is made, taxes on the surviving Trustor's death shall be paid in accordance with I.R.C. Section 2207A, unless the surviving Trustor provides otherwise. If for any reason the surviving Trustor shall make a valid disclaimer of the Marital Trust, the Marital Trust shall pass to the Family Trust. Except as specifically provided herein to the contrary, it is the Trustors' intention that the Trustee chooses non-appreciating assets to be elected for the Marital Trust assets.

2. The net income shall be paid monthly or in other convenient installments, and in any event at least once annually, to or for the benefit of the person or persons entitled to receive such net income.

3. If the payments from this trust to which any beneficiary may be entitled, together with other income of such beneficiary, of which the Trustee has actual knowledge, shall be insufficient in the discretion of the Trustee to provide for the reasonable support, care, comfort and education of such beneficiary, the Trustee may pay to such beneficiary or apply for his or her benefit so much of the principal up to and including the whole of the respective trust as the Trustee may deem advisable; provided, however, in the case of the surviving

-7-

MA 000044

Trustor, such payment may first be made from Survivor's Trust and then from the Marital Trust, in the Trustee's sole discretion.

**THIRD:** Notwithstanding anything contained herein to the contrary, in the event of the simultaneous death of both Trustors, or in close proximity to each other, the purposes of the Trust and Trusts created herein would be totally frustrated and defeated. Therefore, if the surviving Trustor should die prior to the time that the estate tax return of the predeceased Trustor has been filed with the United States Internal Revenue Service, the Trust or Trusts herein created may be immediately revoked and made null and void at the sole discretion of the Trustee. The respective shares of the Trust or Trusts of each of the Trustors shall be distributed as if each respective Trustor was the surviving Trustor. Each respective Trustor's estate shall pay and be responsible for any and all taxes, costs, expenses of administration and the like for his or her estate.

**FOURTH:** Unless terminated at an earlier date under the foregoing provisions, these trusts shall cease upon the death of the surviving Trustor, and the Trustee shall distribute the trust estate in equal one-sixth (1/6) shares to RICHARD MORGAN MATHIS, JEAN HEIDKER, JOELLE ROBINSON MATHIS, JAMES INGERSOLL MATHIS, ANTHONY CLAIBOURNE MATHIS and the remaining one-sixth (1/6) share shall be held in trust for NILIMBA VISIKAN, also known as JUDITH LEE MATHIS EGGENBERGER. We hereby direct that JOELLE ROBINSON MATHIS shall act as Trustee for said NILIMBA VISIKAN'S TRUST and that she is empowered with the provisions set forth hereinbelow. In the event JOELLE ROBINSON MATHIS shall cease to act as Trustee for said NILIMBA VISIKAN'S TRUST, then, and in that event, We direct that JEAN HEIDKER act as Trustee of said trust.

-8-

MA 000045

**FIFTH:** In the event any one of the children named herein shall not survive the surviving Trustor, then, and in that event, his or her share of the trust estate shall be distributed to his or her issue, share and share alike.

**SIXTH:** In the event that the provisions of paragraph FIFTH above take affect, and any one of the Trustors' grandchildren has not attained the age of twenty-one (21) years, each said grandchild's share shall be held in trust in accordance with the provisions set forth hereinbelow. The Trustee is hereby empowered to pay to said grandchild any, all or none of the income of said grandchild's said share in the absolute discretion of the Trustee. At such time as each respective grandchild attains the age of twenty-one (21) years, his or her respective share of the trust shall be distributed to him or her free of trust and upon the last of said grandchildren to attain the age of twenty-one (21) years, the trust shall terminate. In the event any one of the Trustors' children shall not survive the Surviving Trustor and shall die without living issue, said deceased child's share shall go in equal shares to such children of the Trustors as may survive the Surviving Trustor.

**SEVENTH:** The Co-Trustees of the trust created by this declaration shall be JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS. In the event that either Co-Trustees shall cease to act as a Co-Trustee, by reason other than death, the remaining Co-Trustee shall be the sole Trustee. In the event either JOE ROBINSON MATHIS or ELEANOR MARGHERITE MATHIS shall cease to act as a Co-Trustee, by reason of death, we hereby direct that JOELLE ROBINSON MATHIS be the successor Co-Trustee with the surviving Trustor of the Marital Trust and that the Surviving Trustor be the sole Trustee of the Survivor's Trust. DAVID

-9-

MA 000046

McNINCH and JOELLE ROBINSON MATHIS shall act as successor Co-Trustees with the Surviving Trustor of the Family Trust. Said DAVID McNINCH shall have the sole discretion as regards any distributions and payments made from the Family Trust. In the event that either JOE ROBINSON MATHIS or ELEANOR MARGHERITE MATHIS ceases to act as a Trustee of the Survivor's Trust, by reason other than death, we hereby direct that JOELLE ROBINSON MATHIS act as the successor Trustee of the Survivor's Trust.

In order to determine whether or not any Trustee or successor Trustee may not continue to act in said capacity by reason other than death or voluntary resignation, it shall require the collective agreement of two (2) qualified physicians, the other Trustees, if any, and the adult beneficiaries of this trust that said person is physically or mentally incapable of acting in said capacity.

All references in this instrument to the "Trustees" or the "Trustee" shall include any successor Trustee or successor Co-Trustee; and the term "Trustee" shall be deemed to include the Co-Trustees from time to time serving, collectively.

No successor Trustee shall be under a duty to investigate the actions taken by a predecessor Trustee, and no successor Trustee shall be liable for the acts or omissions of a predecessor Trustee.

Any individual named herein as a Trustee or a successor Trustee is hereby authorized to serve in any other capacity, whether as general partner, director, officer or otherwise, with respect to any family business enterprise in which the trust may hold an interest; provided, however, that he shall at all times perform his duties and exercise his powers as Trustee in a fiduciary capacity.

-10-

MA 000047

EIGHTH: The beneficiary interest of any trust beneficiary named herein in the income or principal of this trust shall not be subject to claims of his or her creditors, or others, or liable to attachment, execution, or process of law, and said trust beneficiaries shall not have any right to encumber, hypothecate or alienate their interest in the trust estate in any manner, except as provided for elsewhere herein.

NINTH: To carry out the trust provisions hereunder, and subject to any limitations stated elsewhere in this instrument, the Trustee is vested with the following powers with respect to the trust estate and any part of it, all of which shall be exercised in a fiduciary capacity:

    1. To continue to hold any property that the Trustee receives or acquires hereunder, as long as the Trustee deems advisable; provided, however, that unproductive property shall in no event be held as an asset of the Survivor's Trust or the Marital Trust for more than a reasonable time without the consent of the surviving Trustor after the death of the predeceased Trustor.

    2. To manage, control, grant options with respect to, sell (for cash or upon deferred payments), convey, exchange, partition, divide, insure, improve, and repair trust property.

    3. To lease trust property for terms within or beyond the term of the trust and for any purpose, including exploration for and removal of gas, oil and other minerals, and to enter into community oil and gas leases, pooling and unitization agreements.

    4. To borrow money, and to encumber or hypothecate trust property by mortgage, deed of trust, pledge or otherwise, for any trust purposes.

-11-

MA 000048

5. To invade the principal of any respective trust for the benefit of the beneficiary thereof in the event of major illness or other unforeseen financial hardship.

6. To commence or defend such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, at the expense of the trust.

7. To compromise or otherwise adjust any claims or litigation against or in favor of the trust.

8. To invest and reinvest the trust funds in every kind of property, real, personal or mixed, and every kind of investment, specifically including, but not by way of limitation, corporate obligations of every kind, stocks, preferred or common, shares of investment trusts, investment companies and mutual funds, and mortgage participations, maintain a margin account, which men of prudence, discretion and in diligence acquire for their own account, and any common trust fund administered by any successor Trustee.

9. To participate in partnerships (as a general or limited partner) and joint ventures on behalf of the trust estate, at the risk of the trust estate.

10. With respect to securities held in the trust, to have all the rights, powers and privileges of an owner, including, but not by way of limitation, the power to vote, give proxies and pay assessments; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers and liquidations, and incident to such participation to deposit securities with and transfer title to any protective or other committee upon such terms as the Trustee may deem advisable; to hold securities in the name of a nominee, without disclosing any fiduciary relationship; and to exercise or sell stock subscription or conversion rights.

MA 000049

11. To employ agents, custodians, legal counsel, investment advisers and accountants, and to pay their fees and expenses, as the Trustee may deem necessary or advisable to carry out the provisions of this trust.

12. To receive additions to the trust estate from any source, and to administer the same in accordance with the provisions hereof.

13. Except as otherwise specifically provided herein, the determination of all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the provisions of the Nevada Principal and Income Law from time to time existing. Any such matter not provided for either by this instrument or in the Principal and Income Law shall be determined by the Trustee, in accordance with recognized rules of accounting.

14. In any case in which the Trustee is required, pursuant to the provisions of this trust, to divide any trust property into parts or shares for the purpose of distribution, or otherwise, the Trustee is authorized, in the Trustee's discretion, to make the division and distribution in kind, including undivided interests therein, or partly in kind and partly in money, and for this purpose to make such sales of the trust property as the Trustee may deem necessary.

15. The Trustee in the Trustee's discretion may make payments to a minor or other beneficiary under disability by making payment to his personal guardian, or the Trustee may apply payments directly for the beneficiary's benefit. The Trustee in the Trustee's discretion may make payments directly to a minor if in the Trustee's judgment he is of sufficient age and maturity to spend the money properly.

-13-

MA 000050

16. There need be no physical segregation or division of the various trusts except as segregation or division may be required by the termination of any of the trusts, but the Trustee shall keep separate accounts for the different undivided interests.

17. The Trustee shall be entitled to reasonable compensation for the Trustee's services. With respect to any corporate trustee, such compensation shall be comparable to charges for similar services made from time to time by corporate trustees in the geographic area in which the trust has its principal situs of administration. With respect to any individual trustee, such compensation shall be commensurate with services actually performed. The Trustee shall also be entitled to reimbursement for expenses necessarily incurred in the administration of the trust.

TENTH: As used in this instrument:

1. The term "issue" refers to lineal descendants of all degrees. "Issue" includes legally adopted persons;

2. The term "support" shall include the education of the beneficiary;

3. The term "education" shall include college, post-graduate study and trade school, so long as pursued to advantage by the beneficiary;

4. The masculine, feminine or neuter gender and the singular or plural number shall be deemed to include the other wherever the context so indicates.

ELEVENTH: During the lifetime of both Trustors, this trust may be revoked by either Trustor, as to the community property in the trust, in whole or in part, and as to that Trustor's separate property, if any, in the trust, in whole or in part. This power of revocation may be exercised by written

-14-

notice delivered to the other Trustor (and to the Trustee, if neither Trustor is then serving as a Trustee). In the event of such revocation, the community property in the trust as to which the trust is revoked shall revert to both Trustors as their community property, and the revoking Trustor's separate property, if any, in the trust as to which the trust is revoked shall revert to that Trustor as his or her separate property. This trust may not be amended during the lifetime of both Trustors without the written agreement of both of them. From and after the death of the predeceased Trustor, this trust shall not be subject to revocation or amendment, except as provided elsewhere herein.

IN WITNESS WHEREOF, the Trustors have executed this Declaration of Trust this 5th day of January, 1984.

_____
JOE ROBINSON MATHIS

_____
ELEANOR MARGHERITE MATHIS

STATE OF NEVADA )
                ) ss.
COUNTY OF LYON  )

On this 5th day of January, 1984, before me, a notary public, personally appeared JOE ROBINSON MATHIS and ELEANOR MARGHERITE MATHIS, who acknowledged to me that they executed the foregoing Declaration of Trust.



_____
Notary Public

-15-

MA 000052

## SCHEDULE "A"

1. The sum of ONE DOLLAR ($1.00).

2. Whatever other property the Trustors may choose to transfer to the Trust.

MA 000053