UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD MATHIS, Individually, as Special Administrator of the Estate of Joe Robinson Mathis (a/k/a Joe R. Mathis), and as Trustee of the Joe Robinson Mathis and Eleanor Margherite Mathis Trust; JAMES MATHIS; and ANTHONY MATHIS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LYON and RICHARD GLOVER, in his individual capacity,<br><br>Defendants. | Case No. 2:07-cv-00628-APG-GWF<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY GLOVER'S APPEAL AS FRIVOLOUS<br><br>(Dkt. No. 213) |

### I. BACKGROUND

The factual and procedural background of this case has been recited on multiple occasions,[1] and I see no need to do so again except as necessary to rule on the Plaintiffs' pending motion to certify Richard Glover's present appeal to the Ninth Circuit as frivolous.[2]

On April 11, 2014, I entered an order resolving motions for summary judgment filed by Glover, Lyon County, and the Plaintiffs.[3] As relevant to this Order, I granted summary judgment in Plaintiffs' favor on their Fourteenth Amendment procedural due process claim against Glover. I relied on the Ninth Circuit's previous holding in this case that Glover does *not* enjoy qualified immunity for the due process claim.[4] Glover has again filed an appeal with the Ninth Circuit, on the sole issue that he is entitled to qualified immunity for the due process claim.[5] Plaintiffs

---

[1] (*See* Dkt. Nos. 61, 186, 205.)

[2] (Dkt. No. 213.)

[3] (Dkt. No. 205, the "Prior Order.")

[4] (*Id.* at 16 (citing *Mathis v. Cnty. of Lyon*, 633 F.3d 877, 879 (9th Cir. 2011)).)

[5] (Notice of Appeal, Dkt. No. 207.)

followed with a motion to certify Glover's appeal as frivolous. I held a hearing on the motion on July 11, 2014, at which time I granted the motion and certified the appeal as frivolous. In accord with *Chuman v. Wright*,[6] however, I have prepared this written order to make the certification effective and to better explain my reasoning.

## II.  ANALYSIS

Ordinarily, the filing of an interlocutory appeal to the Ninth Circuit divests the district court of jurisdiction over all aspects of the case that are the subject of the appeal.[8] However, "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction. Accordingly, a district court may certify in writing that the appeal is frivolous or waived."[9] An appeal is frivolous "if the results are obvious or the arguments of error are wholly without merit."[10] This means that the appeal must be "so baseless that it does not invoke appellate jurisdiction," such as when "the disposition is so plainly correct that nothing can be said on the other side."[11] The denial of qualified immunity is interlocutorily appealable without leave of the district court but, for the reasons set forth below, Glover's present appeal to the Ninth Circuit is frivolous.

Glover's essential arguments in opposition to the Plaintiffs' motion are threefold: (1) the Ninth Circuit decided the first appeal in the motion to dismiss context, in which all facts alleged in the Complaint are deemed true, but this appeal follows a summary judgment order and therefore the Plaintiffs' allegations need not be assumed true; (2) evidence obtained after the first appeal indicates that Glover did not steal, or have the intent to steal, the personal property he removed from the Mathis Residence; and (3) the new appeal asks whether it is clearly established that a public administrator violates the Due Process Clause when he acts under Nevada statutory

---

[6] 960 F.2d 104 (9th Cir. 1992) (certification must be in writing).

[8] *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).

[9] *Chuman*, 960 F.2d at 104.

[10] *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991).

[11] *Apolstol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

2

authority to enter the home of a deceased and removes personal property for safekeeping, which differs from the Ninth Circuit's broader holding in the first appeal that a public official's administrative taking of private property without pre-deprivation notice and the opportunity to be heard is clearly established to violate the Due Process Clause.

Glover is correct that the treatment of factual allegations differs between the motion to dismiss and summary judgment phases. However, the facts relevant to the Ninth Circuit's holding, and to the inquiry into qualified immunity, have not changed and are admitted by Glover. He admits that he entered the Mathis Residence and removed personal property without contacting any of the deceased's family and without giving them any opportunity for a pre-deprivation hearing.

As to the second argument, the Ninth Circuit's holding was not dependent on whether Mathis stole, or had the intent to steal, the personal property. The court held: "[t]he right to notice and hearing prior to a public official's administrative *taking* of property is clearly established."[12] Whether Glover took the property with the good faith intent to safeguard it or, instead, to steal it is immaterial for purposes of qualified immunity.

Regarding the third argument, Glover's present appeal merely repackages the arguments he has already presented to the Ninth Circuit. He admits that he raised the issue of a public administrator's authority under NRS § 253.0405 in the first appeal.[13] The panel's failure to discuss this argument is an implicit rejection of its validity. Moreover, the dissent's discussion of this issue indicates that it was squarely before the panel.[14] Glover's attempted distinction between the legal questions raised in his two appeals highlights a longstanding tension in qualified immunity jurisprudence—the necessary congruence between a defendant's allegedly unlawful conduct and the types of behavior which the courts have already determined violate the

---

[12] *Mathis*, 633 F.3d at 879 (emphasis added).

[13] (Dkt. No. 217 at 3.)

[14] *See Mathis*, 633 F.3d at 879–80.

3

Constitution such that it is "clearly established" that the defendant's alleged conduct violated the plaintiff's constitutional rights.[15]

The Supreme Court, however, has reiterated that caselaw need not provide an exact fit: "[w]e do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."[16] As to Glover's conduct, the Ninth Circuit has already determined that previous cases placed the instant Fourteenth Amendment issue beyond debate. And that court did so in consideration of Glover's argument that his conduct should be viewed more narrowly, in light of his alleged statutory authority to enter the house and remove property. In short, the present appeal presents nothing new to the Ninth Circuit. As such, Glover's arguments of error are wholly without merit and the appeal is frivolous.[17]

### III. CONCLUSION

In accord with the foregoing, I hereby GRANT Plaintiffs' motion to certify Glover's appeal as frivolous.

Dated: July 21, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[15] *See* SHELDON H. NAHMOD, CIVIL RIGHTS & CIVIL LIBERTIES LITIG.: THE LAW OF SECTION 1983 § 8:18 (2013).

[16] *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).

[17] *See Amwest Mortgage*, 925 F.2d at 1165.