**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RICHARD MATHIS, Individually, as Special Administrator of the Estate of Joe Robinson Mathis (a/k/a Joe R. Mathis), and as Trustee of the Joe Robinson Mathis and Eleanor Margherite Mathis Trust; JAMES MATHIS; and ANTHONY MATHIS, | Case No. 2:07-cv-00628-APG-GWF **ORDER DENYING COUNTY OF LYON'S MOTION FOR RECONSIDERATION** (Dkt. No. 210) |
| Plaintiffs, | |
| v. | |
| COUNTY OF LYON and RICHARD GLOVER, in his individual capacity, | |
| Defendants. | |

I.      **BACKGROUND**

The factual and procedural background of this case has been recited on multiple occasions,[1] and there is no need to do so again except as necessary to rule on the pending motion for reconsideration.[2]

On April 11, 2014, I entered an Order resolving motions for summary judgment filed by Glover, Lyon County, and the Plaintiffs.[3] As relevant to this Order, I granted summary judgment in Plaintiffs' favor on their Fourteenth Amendment procedural due process claim against Glover, and denied summary judgment on the claims for *Monell* liability against the County of Lyon, which stem from Glover's alleged violations of the Fourth Amendment and his violation of the Fourteenth Amendment.

---

[1] (*See* Dkt. Nos. 61, 186, 205.)

[2] (Dkt. No. 210.)

[3] (Dkt. No. 205, the "Prior Order.")

On May 21, 2014, the County moved for reconsideration.[4]  The County argues that two of my rulings in the April 11 Order were clearly erroneous and will work a manifest injustice on the County if not addressed.  First, the County contends that the unoccupied Mathis residence was not entitled to the same degree of protection under the Fourth Amendment as an otherwise occupied home.  Accordingly, the County asserts, the Plaintiffs did not have a reasonable expectation of privacy in the Mathis House.  Second, the County contends that my Fourteenth Amendment analysis was flawed because (i) pre-deprivation notice and an opportunity to be heard would have defeated the entire point of Glover's seizure of personal property from within the Mathis House, and (ii) an adequate post-deprivation remedy exists under state law to address Glover's deprivation of the Plaintiffs' property.

Next, the County seeks clarification as to (i) whether the Estate of Joseph R. Mathis (the "Estate") is still a party to this case and (2) whether I held that NRS § 253.0405 is facially unconstitutional.

## II.   ANALYSIS

### A.   Legal Standard

Rule 54(b) permits the "entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.[5]

Put more simply, "absent an express entry of final judgment, all orders of a district court are 'subject to reopening at the discretion of the district judge.'"[6]  If the Court's prior order did not

---

[4] (Dkt. No. 210.)

[5] FED. R. CIV. P. 54(b).

[6] *W. Birkenfeld Trust v. Bailey*, 837 F. Supp. 1083, 1085 (E.D. Wash. 1983) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)).

dispose of all claims as to all parties, it may be "revised at any time before the entry of judgment" under Rule 54(b).

The district court's power to rescind, reconsider, or modify an interlocutory order also exists outside the Federal Rules of Civil Procedure.[7]

> "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute. Nothing in the Rules limits the power of the court to correct mistakes made in its handling of a case so long as the court's jurisdiction continues, i.e., until the entry of judgment. In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules."[8]

The district court's discretion to reopen or reconsider an order is governed by the law-of-the-case doctrine.[9]  The purpose of that doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."[10]  "Law-of-the-case principles . . . are a matter of practice that rests on good sense and the desire to protect both court and the parties against the burdens of repeated arguments by indefatigable diehards."[11]

"[T]the law of the case doctrine is subject to three exceptions that may arise when (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[12]  The Court's failure to properly apply these exceptions is an abuse of discretion.[13]

---

[7] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886–87 (9th Cir. 2001).

[8] *Id.* (quoting *U.S. v. Jerry*, 487 F.2d 600, 604 (3rd Cir. 1973)).

[9] *Id.*

[10] CHARLES ALAN WRIGHT ET AL., 18B FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 2013).

[11] *Id.*

[12] *Reed v. Town of Gilbert, Ariz.*, 707 F.3d 1057, 1067 n.9 (9th Cir. 2013).

[13] *See Bailey*, 837 F. Supp. at 1085.

1

### B.   Fourth Amendment

2    I disagree that a residence which is unoccupied for several days is entitled to less

3  protection under the Fourth Amendment than a continually occupied home.  The Ninth Circuit

4  has held that the continuous presence of owners/tenants is not required, so long as the property

5  has not been abandoned.[14]  Abandonment for purposes of the Fourth Amendment primarily

6  examines the individual's reasonable expectation of privacy, not his property interest in the item;

7  common law property rules inform, but do not dictate, the analysis.[15]  As to homes, the key

8  question is whether the owner sufficiently manifested an intent to abandon.[16]

9    Abandonment can be a question of fact, but a reasonable jury could not conclude that the

10  Mathis House was abandoned under these circumstances.  The house was vacant for only a few

11  days, and at least one of the Mathis Brothers had told the Lyon County Sheriff's Department that

12  he would arrive in town within a few days.[17]

13

### C.   Fourteenth Amendment

14    In some instances, the existence of an adequate post-deprivation remedy under state law is

15  sufficient to avoid liability for Fourteenth Amendment due process violations.[18]  However, if pre-

16  deprivation notice and an opportunity to be heard were feasible, then the existence of an adequate

17  post-deprivation remedy is *not* relevant.[19]  Pre-deprivation notice and an opportunity to be heard

18  (possibly by phone) were feasible in the circumstances of this case, and no reasonable jury could

19  conclude otherwise.  Here, nothing suggests that there was a need to move as quickly as Glover

20

21    [14] *U.S. v. Barajas-Avalos*, 377 F.3d 1040, 1047–48 (9th Cir. 2004).

22    [15] *U.S. v. Harrison*, 689 F.3d 301, 307 (3d Cir. 2012).

23    [16] *Id.*; *see Mann v. Cannon*, 731 F.2d 54, 56 (1st Cir. 1984) (doctor's house abandoned where windows and doors were broken and open to the public, boxes of drugs and supplies were torn apart, trash was piled high, and rats were in the bathroom); *U.S. v. Wilson*, 472 F.2d 901, 903 (9th Cir. 1972) (tenant

24  abandoned apartment by leaving the door open and the rent unpaid).

25    [17] To put the issue more bluntly: What if I die while my children are at college and my wife is abroad; is the protection less in that situation?  What if I simply go on a trip overseas for a few weeks; do I

26  lose my Fourth Amendment protections?  I think not.

27    [18] *See Zimmermon v. Burch*, 494 U.S. 113, 132 (1990).

    [19] *Id.*

28

did to seize the property, and he made no effort to contact any of the Mathis Brothers. This is salient here given that at least one of the Mathis Brothers had told the Lyon County Sheriff's Department that he would arrive in town within a few days.

If an official's actions were "random and unauthorized," then the existence of an adequate post-deprivation remedy is relevant because it is essentially impossible to provide notice and an opportunity to be heard in that situation.[20] Here, however, Glover acted under his own authority as the Public Administrator; therefore, he could not reasonably argue that his actions were unauthorized.

**D.**   **The Estate**

As the parties admitted at the oral argument on the pending motion, at the time of the alleged violations the relevant property interests were held either by the Estate or by the Joe Robinson Mathis and Eleanor Margherite Mathis Trust (the "Trust"). The Plaintiffs assert that the Estate seeks relief only for the state tort claims, and admit that the Estate is not a party to the civil rights claims.

Joseph's will did not "pour over" all of Joseph's personal property into the Trust.[21] Some of his personal property was to be distributed in accord with a "memorandum" that would be found "in [his] effect at the time of [his] death."[22] Until the executrix distributed that property, it remained in the Estate. If so, the Estate seemingly had a cognizable property interest in certain personal property within the home at the time of Glover's bad acts. If Glover seized that property, then the Estate could have standing to pursue the state tort claims.

The parties shall meet and confer to determine whether the Estate, the Trust, or both, had interests in the seized property at the time it was seized. The parties shall file a status report on this issue within 30 days of the entry of this Order.

---

[20] *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 799 (9th Cir. 2002).

[21] (*See* Dkt. No. 194-4 at 3.)

[22] (*Id.*)

**E.**     **NRS § 253.0405**

In my April 11 Order, I did not hold that NRS § 253.0405 is facially unconstitutional.  A public administrator could comply with the statute by "securing" property in an emergency, yet not violate the Constitution.  For example, the emergency could amount to "exigent circumstances" such that a warrant is not required.  Or, the public administrator could "secure" the property without entering the home, thus not implicating the presumption that the warrantless search of a home is unconstitutional.  Because not every act of compliance with the statute violates the Constitution, the statute is not facially unconstitutional.

**III.**     **CONCLUSION**

In accord with the foregoing, I hereby ORDER:

1.  The County's motion for reconsideration (Dkt. No. 210) is DENIED.

2.  The parties shall file a status report within 30 days of the entry of this Order clarifying whether the Estate remains a party to this action and, if so, as to which claims for relief.

Dated: August 26, 2014

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE