UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD MATHIS, individually and as Special Administrator of the Estate of JOE ROBINSON MATHIS aka JOE R. MATHIS; and as Trustee of the JOE ROBINSON MATHIS AND ELEANOR MARGHERITE MATHIS TRUST; JAMES MATHIS and ANTHONY MATHIS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LYON, a political subdivision of the State of Nevada, and RICHARD GLOVER, an individual,<br><br>Defendants. | Case No. 2:07-cv-00628-APG-GWF<br><br>**ORDER DENYING ORAL MOTION TO EXCLUDE EVIDENCE OF EMOTIONAL DISTRESS DAMAGES ARISING FROM DAMAGE TO PROPERTY** |

At the October 28th calendar call, defendant Richard Glover argued that Nevada law does not allow recovery of emotional distress damages arising from harm to property. Glover did not raise this issue nor cite to relevant case law in his motion in limine. (Dkt. #272). Even if I considered this untimely argument, I would deny it. The case Glover cited, *Smith v. Clough*, states only that a plaintiff cannot pursue a claim for negligent infliction of emotional distress based on damage to his or her property (as opposed to being a bystander who witnesses harm to another person). 796 P.2d 592, 593-94 (Nev. 1990); *see also Merluzzi v. Larson*, 610 P.2d 739, 742-43 (Nev. 1980). The plaintiffs do not assert a claim for negligent infliction of emotional distress, so *Smith* does not control. Glover cites no law for the proposition that the plaintiffs cannot recover for emotional distress arising out of damage to their property with respect to their state law tort claims. I therefore deny the oral motion.

Glover also raised for the first time arguments regarding emotional distress damages arising from a due process violation. Emotional distress damages caused by the denial of due process are recoverable in an action under 42 U.S.C. § 1983. *Carey v. Piphus*, 435 U.S. 247, 263-

65 (1978).  However, the plaintiff must show "that he actually suffered distress because of the denial of procedural due process itself." *Id.* at 263; *see also Jones v. Los Angeles Community College Dist.*, 702 F.2d 203, 207 (9th Cir. 1983) (stating the plaintiff must "demonstrate that her injury resulted directly from the wrongful deprivation of due process" and finding that there was support in the record for the finding that she "suffered mental and emotional distress because she believed that [her employer] treated her unfairly").

DATED this 29th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE