UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MATHIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LYON, *et al.*,<br><br>Defendants. | Case No. 2:07-cv-00628-APG-GWF<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(ECF NOS. 441, 462) |

The plaintiffs prevailed at trial on their claims against the defendants. They now move for an award of their attorneys' fees and costs. ECF No. 441.[1] I grant the motion in part, and award the plaintiffs most of the fees and costs they request.

Preliminarily, the defendants argue that I do not have jurisdiction to rule on the fee request because the defendants have filed a notice of appeal. However, "[a]lthough a notice of appeal has been filed, a district court in this circuit retains jurisdiction to rule upon a request for attorney fees." *League of Women Voters of California v. F.C.C.*, 751 F.2d 986, 990 (9th Cir. 1985). *See also*, *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("The award of fees and costs is a collateral issue . . . ."). Because I have not awarded any fees to date, the defendants could not have appealed any decision regarding fees, so the pending appeal does not divest me of jurisdiction to award fees and costs.

Under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988) a prevailing party in a civil rights litigation "should ordinarily recover an attorney's fee unless

---

[1] The parties also requested an expedited ruling on that motion. ECF No. 462. The plaintiffs filed their "unopposed request for expedited rulings" a mere nine days after filing their reply in support of their motion for attorneys' fees. The parties point out in their papers that I should review, line by line, each item for which reimbursement is requested. *See, e.g.*, ECF No. 450 at 6:1-10; ECF No. 449 at 3:11-13. Given that over 800 pages of exhibits and briefs were submitted in connection with the fee request, and given this court's significant workload, it is utterly unrealistic to request an expedited ruling. While I am sensitive to the parties' desire for closure on this case (which was filed long before I took the bench), other parties in other cases likewise seek resolution of their cases.

special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). No special circumstances in this case would make an award to the plaintiffs unjust.

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. . . . The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted).

The plaintiffs have submitted extensive paperwork documenting the fees and costs incurred over the decade-long life of this case. In rebuttal, the defendants submit little, if any, evidence; rather, they proffer arguments that the plaintiffs submitted insufficient support, the attorneys' rates are too high, all block billing should be rejected or reduced, and too many lawyers worked on the case. None of these arguments is well-taken.

The defendants object that the plaintiffs did not present an affidavit from each lawyer who worked on the case. ECF No. 450 at 7-9. Local Rule 54-16(c) does not require an affidavit from every lawyer who billed time on a case. The paperwork to satisfy such a requirement could be voluminous, especially in a case like this that has been ongoing for nearly a decade. The plaintiffs submitted affidavits from the lawyers responsible for each firm's billings. That is sufficient.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. In calculating this so-called lodestar figure, the court must consider the relevant factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).[2] Next, the court

---

[2] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion

Page 2 of 8

must decide whether to adjust this lodestar amount based on the *Kerr* factors that are not already part of the lodestar amount. "A 'strong presumption' exists that the lodestar figure represents a 'reasonable fee,' and therefore, it should only be enhanced or reduced in 'rare and exceptional cases.'" *Id.* at n.4 (citations omitted).

I have reviewed the rates charged by the lawyers and paralegals in this case. None of the parties submitted evidence of rates charged in this market. However, based on my experience both working as a lawyer in the Las Vegas market for over 20 years and reviewing fee motions while on the bench in this district, I find that the rates charged by the lawyers are reasonable.

I have reviewed the extensive exhibits submitted by the plaintiffs in support of their fee request. For the most part, the work performed was reasonable in light of the *Kerr* factors. Below I address some of the issues raised by the defendants.

**Michael J. Morrison**

Mr. Morrison represented the plaintiffs from November 2011 to May 2012. ECF No. 441-7 at 3, ¶4. Nevertheless, he submits a Statement listing work he performed from August 2011 through October 2011, prior to his appearance in this case. *Id.* at 6; *see also* ECF No. 102 (Mr. Morrison makes first appearance on November 9, 2011). While it is not unreasonable for an attorney to perform legal work for a client before making a formal appearance in a case, Mr. Morrison's billings are problematic for more serious reasons.

Mr. Morrison's billings are block-billed by the month, making it impossible for me to evaluate whether the time spent on any given item was reasonable. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours

---

of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 70.

worked. . . . It was reasonable for the district court to conclude that Welch failed to carry her burden, because block billing makes it more difficult to determine how much time was spent on particular activities.") (citation omitted).[3] Even though he already reduced his fee request by almost $17,000, it is unclear whether the remaining fees are reasonable. Moreover, it appears from Mr. Morrison's Statement that he did not keep contemporaneous time records, but instead prepared an after-the-fact monthly summary for purposes of this fee request. Nothing in his Affidavit gives me comfort that his summary is accurate.

Courts have reduced on percentage bases or completely disallowed fee requests due to block billing. *Id.* (collecting cases). Given that Mr. Morrison block-billed by the month, I could disallow recovery of fees for his work. However, it is clear that Mr. Morrison performed some useful legal work for the plaintiffs in connection with this case. Thus, I will reduce the fees recoverable for Mr. Morrison's work by 60%. Accordingly, the plaintiffs are awarded $36,722.00 for work performed by Mr. Morrison.

**Ballard Spahr**

For the most part, the invoices submitted by the Ballard Spahr firm reflect reasonable time spent on necessary tasks. However, Matthew Moncur billed approximately 48 hours to prepare an opposition to Glover's motion to change venue. ECF No. 441-4 at 27-29. This is too much time for such a short brief. Accordingly, I will reduce this bill by $6,960.00 ($290.00 x 24 hours). The plaintiffs are awarded $62,052.78 for the work performed by Ballard Spahr.

**William Cooper**

Mr. Cooper offers no invoices to justify his billings for the statements dated November 5, 2009 ($1,886.78), February 4, 2010 ($985.85), and May 29, 2011 ($2,762.50). ECF No. 441-5 at 9. Thus, I am unable to determine whether the fees charged during those months were reasonable. The defendants' main objections to Mr. Cooper's invoices are that he used block

---

[3] I do not hold that block billing is *per se* objectionable. Sometimes, the descriptions of time in a block bill are sufficient for me to evaluate the reasonableness of the time spent. Monthly block billing, however, renders such analysis nearly impossible.

billing by day and he spent too much time on various tasks. As set forth above, block billing, in and of itself, is not objectionable so long as I can determine the reasonableness of the time spent. Most of Mr. Cooper's invoices reflect a reasonable amount of time for the work performed. However, as the defendants point out, Mr. Cooper billed over 150 hours to research and prepare the Opposition to Glover's motion for partial judgment on the pleadings. *Id.* at 17-19. Although the motion and opposition addressed complicated legal issues, this is more time than reasonably necessary to prepare the response. I will reduce that amount by $16,250.00 ($325.00 x 50 hours). Thus, fees related to Mr. Cooper's work are reduced by a total of $21,885.13, leaving a total of $159,520.38 that I will award to the plaintiffs.

**Beau Sterling**:

Mr. Sterling represented the plaintiffs in connection with one of defendant Glover's Ninth Circuit appeals. He began working on an hourly basis but then switched to a flat fee of $12,000. He did not keep contemporaneous time logs after switching to a flat fee, but worked at least 18.2 hours before that and at least 15-20 hours after switching. ECF No. 441-6 at 4. He was assisted by Mr. Valencia, who worked 54.4 hours. *Id.* The hours logged appear reasonable. The $12,000 flat fee for appellate work is reasonable and is a significant reduction from what would have been charged for the work reflected in the billing logs. I will award the plaintiffs this entire amount. Because only defendant Glover appealed, this entire $12,000 is allocated against Glover, with none allocated against the County.

**Gordon & Silver (appeal)**:

The Gordon & Silver law firm (primarily, Paola Armeni) replaced Messrs. Sterling and Valencia on Glover's Ninth Circuit appeal. The rates, hours, and fees charged are reasonable for this appellate work. I will award the plaintiffs the entire amount ($40,106.00) requested for this work. Because only Glover appealed, this entire amount is allocated against Glover, with none allocated against the County.

////

////

**Gordon & Silver:**

When the case resumed at the district court level after the Ninth Circuit appeal, the Gordon & Silver law firm (primarily Justin Bustos and Brian Irvine) continued to represent the plaintiffs from 2012 to 2015. The rates, hours, and fees charged are reasonable for the work performed. I will award the plaintiffs the entire amount ($330,496.00) requested for this work.

**Dickinson Wright**

Later, Messrs. Bustos and Irvine left Gordon & Silver and joined the Dickinson Wright law firm, where they continued to represent the plaintiffs. The rates, hours, and fees charged by the Dickinson Wright firm are reasonable for the work performed. I will award the plaintiffs the entire amount ($490,192.50) requested for this work.

**Total Attorneys' Fees**

Based on the foregoing, I award the plaintiffs $1,131,089.50 in attorneys' fees. Of that amount, $1,078,983.50 is awarded joint and several against both defendants, and $52,106.00 is awarded against Glover only.

**Costs**

As the prevailing party, the plaintiffs may recover their reasonable non-taxable expenses under 18 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(2)(A). The plaintiffs request an award of $63,094.50 in non-taxable expenses. ECF No. 441 at 14. *See also* ECF Nos. 442-5 through 442-11. The defendants first object that many of these costs are not allowed under Local Rule 54-11. *See, e.g.*, ECF No. 449 at 19. However, that rule applies to costs taxed under Local Rule 54-1 ("costs other than attorney's fees"). Local Rule 54-14(b)(2), however, allows for an award of costs "not otherwise taxable under LR 54-1 through 54-13." Thus, the plaintiffs may recover their reasonable, non-taxable expenses.

The defendants object to the plaintiffs' request for reimbursement of costs for travel and meals, arguing that they could have selected Las Vegas lawyers and avoided such costs. But the plaintiffs are entitled to select counsel of their choice. The plaintiffs were not assured of

prevailing at trial and recovering their fees and costs, and it does not appear that the travel expenses were incurred unnecessarily or simply to drive up the costs to the defendants.[4]

The defendants object to reimbursement for secretarial overtime, arguing that such costs should be part of the law firm's overhead. ECF No. 450 at 22:20-26. A party can "recover the reasonable costs of paralegal and secretarial assistance, . . . to the extent that they are reasonable and that he actually incurred them." *Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991). Here, however, the plaintiffs offer conclusory statements but no explanation of the need for secretarial overtime and runners' fees. ECF No. 461 at 10:11-17. I am unable to determine whether the overtime costs and runners' fees were reasonably and necessarily incurred in connection with this matter; thus, I consider them part of normal overheard to be borne by the lawyers. I will deduct $2,021.96 from the plaintiffs' cost request for these items.

The plaintiffs request $2,060.81 for copying charges. ECF No. 442-9 at 2. The invoices from Dickinson Wright provide detail about the amount charged per page and the number of pages copied. But no similar information is provided for the duplicating costs requested by the Ballard Spahr firm. Without such information, I am unable to determine the appropriateness of this expense. Thus, I will deduct $60.50 from the copying cost request regarding Ballard Spahr and award the plaintiffs $2,000.31 for that category.

The defendants object to reimbursement of travel costs associated with Glover's Ninth Circuit appeal. ECF No. 450 at 24:1-2. Local Rule 54-13 provides that "[t]he district court does not tax or re-tax appellate costs. The certified copy of the judgment or the mandate of the Court of Appeals . . . is sufficient basis to request the clerk of the district court to issue a writ of execution to recover costs taxed by the Court of Appeals." While it does not appear that the

---

[4] The defendants complain that the plaintiffs' counsel rented a hotel suite during the trial when they could have used their local office for meetings and trial preparation. However, the defendants offer no evidence of how much more the suite cost over a non-suite hotel room. *Gates v. Deukmejian*, 987 F.2d at 1397–98 ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits."). This objection is denied.

Ninth Circuit taxed the $556.59 travel costs for Ms. Armeni in connection with Glover's appeal, the plaintiffs have not sustained their burden of showing that these appellate costs are properly recoverable in this proceeding. Thus, I will not award them.

Based on the foregoing, I award the plaintiffs $60,455.45 in costs against both defendants, joint and several.

**Conclusion**

IT IS HEREBY ORDERED that the plaintiffs' motion for attorneys' fees and costs **(ECF No. 441) is GRANTED IN PART AND DENIED IN PART** as detailed above. The plaintiffs are awarded a total of $1,131,089.50 in attorneys' fees. Of that amount, $1,078,983.50 is awarded joint and several against both defendants, and $52,106.00 is awarded against Glover only. The plaintiffs are also awarded $60,455.45 in costs against the defendants, jointly and severally.

IT IS FURTHER ORDERED that the plaintiffs' motion for an expedited decision on their motion **(ECF No. 462) is DENIED AS MOOT.**

DATED this 19th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE