# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD MATHIS, *et al.*,

Plaintiffs,

v.

COUNTY OF LYON, *et al.*,

Defendants.

Case No. 2:07-cv-00628-APG-GWF

**ORDER ON DEFENDANT GLOVER'S MOTION FOR RECONSIDERATION**

(ECF No. 463)

Defendant Richard Glover moved for a stay without the need to post a supersedeas bond. ECF No. 405. I denied that request. ECF No. 458. Glover now moves for reconsideration of my denial based upon a newly-submitted affidavit (the "Carlson Affidavit") attesting that the Nevada Public Agency Insurance Pool (NPAIP) will pay for any judgment entered against Glover. ECF No. 463.

Glover argues that the Carlson Affidavit is "newly-discovered evidence" within the strictures of Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 467 at 3. I disagree. "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Glover does not explain why he could not obtain the Carlson Affidavit or similar evidence at the time he submitted his original motion. Nevertheless, to the extent that Rules 59(e) and 60(b) allow for reconsideration to prevent manifest injustice or for "any other reason that justifies relief," I will entertain the arguments in Glover's motion for reconsideration.

One reason I denied Glover's original motion was that I had no evidence that the county or any other solvent entity would pay the judgment entered against him. ECF No. 458. The Carlson Affidavit states that "[a]ny judgment in this case against Richard Glover will be paid by the" NPAIP. ECF No. 463-2 at 2. The defendants object that the affidavit does not confirm that the NPAIP is aware that the judgment was entered against Glover in his individual capacity and

that it includes punitive damages; nor is it a binding commitment that the NPAIP will pay the award. ECF No. 465 at 5.

"[T]he party that won in district court should not be at risk of the money disappearing. [The purpose of a supersedeas bond is] to protect the winner from the risk that the loser will not have money if and when the judgment is affirmed . . . ." *Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1085 (9th Cir. 2009). However, a "district court may permit security other than a bond." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (citation omitted). Thus, if sufficient proof is offered that NPAIP will cover the entirety of the judgment amount against Glover, I will grant a stay without the posting of a supersedeas bond. The Carlson Affidavit does not provide sufficient assurance of that.

I will allow Glover to submit a new affidavit from Mr. Carlson containing adequate assurances that the NPAIP will pay the judgment against Glover. That affidavit must confirm, among other things, that Mr. Carlson is authorized to execute the affidavit and to bind the NPAIP, that he has read the judgment against Glover and the subsequent award of attorneys' fees and costs, that the NPAIP will cover the entirety of the judgment entered against Glover in this case (including all punitive damages, attorneys' fees, costs, and pre- and post-judgment interest), and that this coverage will apply even if the entire amount awarded jointly and severally is sought against Glover alone. The affidavit also shall state whether there is any cap on the amount the NPAIP will pay to satisfy the judgment against Glover, whether there is any risk that the NPAIP will become insolvent, and the mechanism (and timing) by which the judgment will be paid.

Glover's counsel shall send a draft of the proposed affidavit to the plaintiffs' counsel and to pro se plaintiff James Mathis. The parties shall confer in good faith as to the contents of the affidavit. Once agreed upon, the affidavit shall be executed and filed in court. If the parties cannot agree on appropriate language, Glover shall file the signed affidavit and the parties shall submit briefs (not to exceed five pages each) explaining their respective positions regarding the affidavit. The affidavit and briefs shall be filed no later than May 3, 2017.

IT IS THEREFORE ORDERED that defendant Richard Glover's motion for reconsideration (ECF No. 463) is **GRANTED IN PART** as set forth above.

DATED this 19th day of April, 2017.

                                            ANDREW P. GORDON
                                            UNITED STATES DISTRICT JUDGE