# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MATHIS, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF LYON, *et al.*, <br><br>Defendants. | Case No. 2:07-cv-00628-APG-GWF <br><br>**ORDER GRANTING IN PART PLAINTIFFS' RENEWED MOTION TO ALTER OR AMEND JUDGMENT TO INCLUDE INTEREST** <br><br>(ECF No. 443) |

After prevailing at trial, the plaintiffs[1] seek to recover pre- and post-judgment interest on their awards of damages and attorneys' fees. ECF No. 443.[2]

**Prejudgment Interest on Property Damages**

I previously indicated I would allow prejudgment interest on the plaintiffs' awards of property damages, depending on whether the plaintiffs accepted my suggested remittitur. ECF No. 402 at 29-33. With the remittitur behind us, prejudgment interest on the awards of property damages is appropriate.

The plaintiffs' expert has properly calculated interest on those awards, based upon the considerations enunciated in *Schneider v. County of San Diego*, 285 F.3d 784, 793 (9th Cir. 2002). ECF Nos. 443-1, 443-2. The expert also properly calculated the period for interest to run from June 1, 2006 (the day after the property was taken) to October 11, 2016 (the day before the amended judgment was entered). *Id.* Thus, I award Richard Mathis prejudgment interest on his

---

[1] The renewed motion was filed by plaintiffs Richard Mathis, Anthony Mathis, and the Mathis Trust. Plaintiff James Mathis did not join in the motion or file a similar motion. Therefore, this Order does not apply to James Mathis.

[2] Preliminarily, the defendants argue that I do not have jurisdiction to rule on the motion because they have filed a notice of appeal. ECF No. 453 at 6-7. However, I have not yet awarded pre- or post-judgment interest. *See* ECF No. 402 at 30 (holding that an award of interest was premature). Thus, the defendants could not have appealed any decision regarding interest and the pending appeal does not divest me of jurisdiction to award interest.

property damage awards in the amount of $2,361.00, for a total award of property damages of $4,586.00. I award Anthony Mathis prejudgment interest on his property damage awards in the amount of $309.00, for a total award of property damages of $600.00. I award the Mathis Trust prejudgment interest on its property damage awards in the amount of $233,990.00, for a total award of property damages of $448,084.00. ECF Nos. 443 at 13 and 443-1 at 4.

**Prejudgment Interest on Emotional Distress Damages**

I previously denied prejudgment interest on the plaintiffs' awards of emotional distress damages. ECF No. 402 at 34. The plaintiffs point out that the Ninth Circuit has held that pre-judgment interest may be awarded on non-economic damages. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). But that does not mean that pre-judgment interest must be awarded on such damages. I previously considered whether to do so, but concluded that "[t]he policies supporting prejudgment interest do not support prejudgment interest on the plaintiffs' emotional distress damages in this case." ECF No. 402 at 34. The plaintiffs' current arguments do not convince me to reconsider my earlier decision. I deny the plaintiffs' request for prejudgment interest on their awards of emotional distress damages.

**Prejudgment Interest on Attorneys' Fees**

The plaintiffs request prejudgment interest on their award of attorneys' fees. ECF No. 443 at 14. The plaintiffs' expert has calculated the interest amount based upon when the plaintiffs paid those fees. ECF Nos. 443-3, 459-1, 459-2. The interest rate used was appropriately based on the *Schneider* considerations. *Id.* However, after the expert prepared her report, I awarded the plaintiffs an amount of attorneys' fees that differs from the amount used by the expert. *See* ECF No. 468. Therefore, the expert's calculation is no longer valid. The plaintiffs may supplement their request by providing a new calculation of interest on the fees I awarded them. That supplement is due by May 3, 2017.

**Post-judgment interest**

The plaintiffs are awarded post-judgment interest on the entirety of their judgment under 28 U.S.C. § 1961. The interest rate is set forth in 28 U.S.C. § 1961(a).

IT IS THEREFORE ORDERED that the plaintiffs' renewed motion for an award of interest (ECF No. 443) is **GRANTED IN PART** as set forth above. The plaintiffs may supplement their calculation of interest on their award of attorneys' fees by May 3, 2017.

DATED this 21st day of April, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE