UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD MATHIS, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF LYON, et al.,<br><br>　　　　　Defendants. | Case No. 2:07-cv-00628-APG-GWF<br><br>**ORDER REGARDING DEFENDANT LYON COUNTY'S MOTION FOR STAY PENDING APPEAL**<br><br>(ECF No. 489) |

　　　　Defendant Lyon County moved for a stay of the plaintiffs' efforts to execute and collect upon their judgment without the need to post a supersedeas bond. ECF No. 489.

　　　　"If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ." Fed. R. Civ. P. 62(d). "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). In appropriate circumstances, a "district court may permit security other than a bond." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990) (citation omitted). "Courts may waive a supersedeas bond (1) where defendant's ability to pay is so plain that the cost of the bond would be a waste of money; [or] (2) where the requirement would put the defendant's other creditors in undue jeopardy." *People of the State of California v. Kinder Morgan Energy Partners, L.P.*, No. 07CV1883-MMA (WVG), 2014 WL 12577031, at *7–8 (S.D. Cal. Jan. 3, 2014) (quotation omitted).

　　　　The County contends that it is "a secure municipal entity" that has "financial security." ECF No. 489 at 8-9. However, even when the appellant is a governmental entity, "it is appropriate for the court to require 'adequate documentation' to support the claim of ability to pay." *Ford v. Bender*, 903 F. Supp. 2d 90, 106 (D. Mass. 2012), *rev'd on other grounds*, 768 F.3d 15 (1st Cir. 2014). *See also Kinder Morgan*, 2014 WL 12577031, at *7–8 ("Other courts have waived the bond requirement where the state or subdivision has submitted evidence, such as declarations or affidavits, guaranteeing payment of a judgment.").

The County has not provided adequate documentation of its ability to pay the judgment. It refers to the declaration of Wayne Carlson submitted by defendant Glover as proof of the County's insurance. ECF No. 489 at 9 (citing to ECF No. 473 at 8-9). However, that declaration merely confirms that the Nevada Public Agency Insurance Pool (NPAIP) "will cover the entirety of the judgment entered against Glover in this case." ECF No. 473 at 8. It does not explicitly state that the NPAIP will cover the entirety of the judgment entered against the County. I will allow the County to supplement its motion with adequate documentation guaranteeing payment of the judgment.

IT IS THEREFORE ORDERED that defendant Lyon County may supplement its motion for stay within 14 days of entry of this Order, as discussed above. If it fails to do so, I will deny the motion.

DATED this 14th day of July, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE